UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Kenneth Ray Joyner,   Case No.: 8:24-bk-04945-CPM
Chapter 7

      Debtor.
_____

**UNITED STATES TRUSTEE'S AGREED
NOTICE OF TAKING 2004 EXAMINATION OF DEBTOR
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

| **Debtor** | **Date and Time** | **Location** |
|---|---|---|
| Kenneth Ray Joyner 18232 Leafmore Street Lutz, FL 33548 | Tuesday, December 17, 2024 10:00 a.m. EST | Via Remote Zoom Platform (Links shall be provided at least 24 hours in advanced) |

Mary Ida Towson, United States Trustee for Region 21 (the "UST"), by and through the undersigned counsel, hereby gives notice pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 of the examination of Kenneth Ray Joyner ("Debtor"), represented by counsel, Samantha L Dammer, Esq., of Bleakley Bavol Denman & Grace, to be held on **Tuesday, December 17, 2024 at 10:00 a.m. EST** via remote Zoom platform through Behmke Reporting and Video Services, Inc. ("2004 Exam"), an approved vendor by the UST ("Vendor"). The Vendor will provide an official court reporter authorized by law to take the examination.

**No later than 48 hours prior to the examination, counsel shall inform the undersigned what jurisdiction within the United States or U.S. territories the Debtor will be testifying from to ensure that the Vendor may provide a duly authorized court reporter to administer the oath of the Debtor**. This remote examination will be **<u>audio recorded</u>**. It is anticipated that the examination can take up to three hours but may be continued from day to day until testimony is completed.

In accordance with Local Rule 2004-1, this examination is being scheduled with less than 21 days' notice from the 2004 Exam date based on the agreement between the parties as memorialized within e-mail communications between Ms. Dammer' office and the undersigned dated November 25, 2024.

Per the agreement of the parties made November 25, 2024, the Debtor, by way of his counsel, shall electronically provide the UST each of the documents set forth in the attached **Exhibit A on or before <u>December 10, 2024, at 12:00 p.m. EST</u>**, as attachments to the email address of the undersigned at Teresa.Dorr@usdoj.gov, or by any other electronic means as agreeable by the parties. To the extent the Debtor does not provide documents requested in Exhibit A, the UST may issue subpoenas to third parties.

Date: November 25, 2024.

                RESPECTFULLY SUBMITTED,

                MARY IDA TOWNSON
                UNITED STATES TRUSTEE, REGION 21

By: */s/* Teresa M. Dorr
     Teresa M. Dorr, Trial Attorney
     Florida Bar No.: 48037
     United States Department of Justice
     Office of the U. S. Trustee, Region 21

Timberlake Federal Annex Building
501 East Polk Street, Suite 1200
Tampa, FL 33602
(813) 228-2000 / Fax: (813) 228-2303
Teresa.Dorr@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, on November 25, 2024, a true and correct copy of the foregoing notice has been furnished electronically via the CM/ECF system or First-Class USPS Mail to parties listed below.

Kenneth Ray Joyner
18232 Leafmore Street
Lutz, FL 33548

Samantha L Dammer
15316 N. Florida Avenue
Tampa, FL 33613

          /s/ Teresa Dorr
          Teresa Dorr, Trial Attorney

## EXHIBIT A

## Documents to be Produced Pursuant to Federal Rule of Bankruptcy Procedure 2004

1. Approval letter or communication from the Social Security Administration related to the $65,298 deposit on 8/27/2024;
2. Copies of all notes related to the mortgages with MidFlorida Credit Union dated 10/29/2021 and Fairway Independent Mortgage Corporation dated September 24, 2021.
3. All corporate records and evidence to support the transfer of Debtor's ownership interest or percentage thereof in the Innovative Vending LLC business to Brandon Kuss;
4. A complete copy of the Debtor's current credit report that includes a monthly balance history;
5. Copy of check #405 (Innovative Vending LLC Chase account #7939) for a payroll related expense amounting $27,000 on 9/4/2024 and details on this transaction;
6. Copy of check #389 (Innovative Vending LLC Chase account #7939) for a payroll related expense amounting $25,000 on 8/1/2024 and details on this transaction;
7. All documents related to the purchase of 2022 Chaparral 307 SSX Bowrider (the "Bowrider") by Innovative Vending, LLC, including but not limited to, the source of the funds loaned to Innovative Vending used to purchase, the purchase agreement, the title, registration and proof of insurance for the Bowrider;
8. Details of all charitable contributions made by Innovative Vending LLC as disclosed on the Partnership Returns for 2022 and 2023, including the name of the charitable organization, the dates and amounts of each contribution and the form of each contribution.
9. Details of travel expenses included in the Innovative Vending LLC 2022 tax return.
10. Details of travel expenses included in the Innovative Vending LLC 2023 tax return.
11. Individual and business tax returns filed by Brandon Kuss with the IRS for 2021, 2022 and 2023, including all applicable schedules and forms;
12. Bank account statements for all accounts (individual, joint, custodial, or business) for which Brandon Kuss has/had signatory or account management authorities, including any account in which Mr. Kuss possessed a beneficial interest, covering the period from August 1, 2021, to date of this request. Please annotate source/purpose for all non-payroll transactions $500 or greater;
13. Payment advices of Brandon Kuss for the past twelve (12) months; and
14. A listing of all household expenses contributed by Brandon Kuss for the time period of January 1, 2023 through the date of production.

## Definitions

1. The terms "all" and "any" shall mean "any and all."

2.      The conjunctions "and" and "or" will mean "and/or" and will not be interpreted to exclude any information otherwise within the scope of any request.

3.      Words and terms in the singular shall include the plural thereof, and all words of the masculine gender shall include the feminine gender thereof.  The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any documents which might otherwise be construed to be outside its scope; the word  "including" means  "including without limitation."

4.       (a).  The terms "Document," "Documents" and "Documentation" when used herein, the terms" writings" and "documents" shall include the original or copy of correspondence, ESI, records, charts, contracts, agreements, calendars, diaries, memoranda, notes, letters, telegrams, studies, instructions, pamphlets, brochures, enter- and intra-office communications, transcripts, tapes, recordings of any kind, checks, checkbooks, requisitions, vouchers, bills, purchase orders, invoices, journals, ledgers, bank books, bank statements, time sheets, or any other writing of any kind or description whatsoever, including original documents and copies where applicable (and any non-identical copy, whether different from the original because of handwritten notes or underlining on the copy or otherwise), and information stored on computer, relating to the subject matter of this bankruptcy case, in Your possession or control or that of Your officers, directors, employees, attorneys, agents, and all other persons acting or purporting to act in Your behalf.

(b).  The terms "Document," "Documents" and "Documentation" further includes physical embodiment of information or ideas of any type, including written, typed, recorded, or graphic matter, however produced, of any type or description, whether sent or received by electronic or physical means, including, without limitation, papers, books, letters, correspondence, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, memoranda, notes, notations, accountants' working papers, transcripts, minutes, agendas, reports, and recordings of telephone or other conversations, of interviews, of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, other records kept by electronic, photographic or mechanical means, things similar to any of the above, and any other documents within the meaning and scope of Rule 7034 of the Federal Rules of Bankruptcy Procedure.

(c).  The term "ESI" as used herein shall mean any electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

5.       The phrase "relating or referring to" means constituting, comprising, containing, consisting of, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.